Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

JUN -3 PM 1: 49

COURT

## IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE )
)
OF )
)
FRANCISCO KENGICH, )
)
     Deceased. )
)

CASE NO. PR0029-12

**Decision and Order**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 10, 2012 on Oppositions to two Petitions for Letters of Administration. Attorney F. Randall Cunliffe represented Petitioner Adolf R. Elibosang. Attorney Frederick J. Horecky represented Petitioner Kathlene Kengich Dewitt. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

### FACTUAL BACKGROUND

Decedent Francisco Kengich passed away on January 2, 2002. He was survived by a wife, Rosemary Kengich (hereinafter, "Rosemary"). He was also survived by two daughters, Kathlene Kengich Dewitt (hereinafter, "Kathlene") and Florencia Ngirngemeusech Kengich (hereinafter, "Florencia"); daughters from a prior marriage to Taeko N. Kengich (hereinafter, "Taeko").

On February 15, 2012, Rosemary filed her nomination of Adolf R. Elibosang to stand in her place as Administrator to the estate.[1] On the same day, Elibosang filed his Petition for Letters of Administration. On May 7, 2012, Taeko, Kathlene, and Florencia entered their appearance in the matter with Kathlene filing a Petition for Letters of Administration on her own behalf and filing an opposition and motion to dismiss Elibosang's Petition. Elibosang filed his opposition to the motion on June 5, 2012. On July 23, 2012, Elibosang filed an opposition to Kathlene's Petition for Letters of Administration, to which Kathlene replied on July 31, 2012.[2] In their respective pleadings, Elibosang's contentions are that he alone is entitled to be Administrator while Kathlene maintains that this estate is suitable for multiple Administrators.

## DISCUSSION

At issue is who may serve as Administrator to the Estate. A person is competent to serve as an administrator if they meet the qualifications required of an executor pursuant to 15 G.C.A. § 1701. See 15 G.C.A. § 1801. Under that section, a person must 1) be over the age of majority; 2) be a resident of Guam; 3) be physically present in Guam; 4) not have been convicted of a felony; and 5) not be adjudged by the Court as incompetent to execute their duties by reason of drunkenness, improvidence, or want of understanding or integrity. See 15 G.C.A. § 1701.

Where multiple persons qualified under section 1701 are seeking to be named Administrator, Title 15 provides for an order of priority. "Letters of administration of the estate of a person dying intestate must be granted to one or more of the

---

[1] The Estate consists of Decedent's interest in a house and lot located at 139 South Pago Court, Liguan Terrace, Dededo, Guam.

[2] Kathlene and Elibosang have opposed each other's Petitions for Letters of Administration and numerous filings have been made in pleading the oppositions. As both sets of pleadings pertain to the issue of who should be named Administrator, this Decision and Order shall dispense with both Kathlene and Elibosang's oppositions.

following persons... upon proper petition therefor, in the following order: (1) The surviving spouse, or some person competent under the provisions of Section 1801 of this Title whom the surviving spouse may request to have appointed. (2) The children, or any of them." 15 G.C.A. § 1805(a). Kathlene argues that this is a case where multiple Administrators is proper and cites to Section 1805(d) for support. "When there are several persons petitioning for and equally entitled to a grant of letters of administration, the Superior Court of Guam may, in its discretion, grant letters to one or more of them." 15 G.C.A. § 1801(d). However, as Elibosang correctly points out, Kathlene is not of equal entitlement to Administration.

Rosemary Kengich, the surviving spouse, has requested Elibosang to be appointed. According to the statute, she or her nominee stands of greater priority than any of the children, in this case, Kathlene. Kathlene puts forth reasons in favor of multiple Administrators such as the percentages of distribution or perceived biases against the children. Neither are dispositive of the issue under Guam law.

## CONCLUSION

Because Elibosang's nomination by the surviving spouse, Rosemary Kengich, has priority over the Petition by Kathlene, Kathlene's Opposition and Motion to Dismiss his Petition for Letters of Administration are **DENIED**. For the same reason, Elibosang's Opposition and Motion to Dismiss Kathlene's Petition for Letters of Administration are **GRANTED**.

The Petition for Letters of Administration filed by Petitioner Adolf Elibosang shall be heard on February 4, 2013 at 2 p.m.

//

//

//

Decision and Order
Case No. PR0029-12

It is **SO ORDERED** this 8th day of January, 2013.

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

JAN 0 8 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

-4-